# United States Court of Appeals for the Federal Circuit

———————————

**EDWARD P. KERNER,**
*Petitioner,*

v.

**DEPARTMENT OF THE INTERIOR,**
*Respondent.*

———————————

2014-3012

———————————

Petition for review of the Merit Systems Protection Board in No. CH3330110394-I-1.

———————————

Decided: February 20, 2015

———————————

GLENN L. SMITH, Wheeler Upham, P.C., of Grand Rapids, Michigan, argued for petitioner.

HILLARY A. STERN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and CLAUDIA BURKE, Assistant Director.

———————————

Before CHEN, LINN, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge*.

Edward Kerner applied for two merit-promotion vacancies at his employing agency, the Department of the Interior, but his applications were rejected because he did not meet the time-in-grade requirements necessary to be considered for the positions. He now claims that the agency violated the Veterans Employment Opportunity Act (VEOA) by not crediting his military and non-federal service when determining whether he met the time-in-grade requirements. But the provisions on which Mr. Kerner relies only apply to preference-eligible veterans not already employed in the federal civil service, not to current federal employees seeking merit promotions. Accordingly, we affirm the Merit Systems Protection Board's final decision denying Mr. Kerner's claim.

I

In 2010, while Mr. Kerner was an Evidence Custodian, GS-05, with the Department's Fish and Wildlife Service, he applied for two vacancies within the Department: Wildlife Inspector, GS-09/11, and Wildlife Inspector, GS-11/11. Both positions were merit-promotion vacancies. Each required federal employee applicants to meet a time-in-grade requirement. A federal civil service applicant must have completed at least fifty-two weeks of experience equivalent to GS-07 to be qualified for the GS-09 position, and at least fifty-two weeks of experience equivalent to GS-09 to be qualified for the GS-11 position. 5 C.F.R. § 300.604. The vacancies also required one year of specialized experience in the federal civil service equivalent to GS-07 or GS-09, respectively. Mr. Kerner had no federal civil service experience at the GS-07 or GS-09 level and, therefore, did not meet the time-in-grade requirements. Accordingly, the Department determined

that he did not qualify for either of the Wildlife Inspector vacancies.[1]

Mr. Kerner then filed a VEOA claim with the Department of Labor, alleging that the Department violated his VEOA rights when it removed his applications from consideration for not meeting the time-in-grade requirements. The Department of Labor determined that Mr. Kerner's VEOA rights were not violated, and Mr. Kerner appealed to the Merit Systems Protection Board. The Board affirmed. Mr. Kerner appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We must affirm a Merit Systems Protection Board decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). We review statutory and regulatory interpretations de novo. *Kievanaar v. Office of Pers. Mgmt.*, 421 F.3d 1359, 1362 (Fed. Cir. 2005).

Federal agencies generally use two types of selection processes when filling vacancies in the competitive service: open competition and merit promotion. Open competition is used for employees seeking to join the competitive service. *Joseph v. FTC*, 505 F.3d 1380, 1381 (Fed. Cir. 2007). Merit promotion is "used when the position is to be filled by an employee of the agency or by an applicant

---

[1] Mr. Kerner was eventually granted a noncompetitive excepted Veterans' Recruitment Appointment to Wildlife Inspector, GS-05/11, in 2011. At that time, the Department considered Mr. Kerner's non-federal experience and determined that he was qualified for GS-05, because he did not have the specialized experience required for the next grade.

from outside the agency who has 'status' in the competitive service." *Id.*

When a federal agency posts a merit-promotion vacancy that accepts applications from individuals outside its own workforce, preference-eligible veterans "may not be denied the opportunity to compete" for the vacancy. 5 U.S.C. § 3304(f)(1). It is undisputed that the Wildlife Inspector vacancies at issue here were merit-promotion vacancies that accepted applications from individuals outside the Department's workforce.

Mr. Kerner argues that the Department violated his VEOA rights under § 3304(f) because it did not credit his non-federal civil service experience under § 3311 when determining whether he met the time-in-grade requirements. Section 3311 reads:

> In examinations for the competitive service in which experience is an element of qualification, a preference eligible is entitled to credit
>
> (1) for service in the armed forces when his employment in a similar vocation to that for which examined was interrupted by the service; and
>
> (2) for all experience material to the position for which examined, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether he received pay therefor.

Mr. Kerner argues that if the Department had considered all of his experience, it would have found at least fifty-two weeks of non-federal civil service experience equivalent to experience at the GS-07 and GS-09 levels. Thus, according to Mr. Kerner, he would have met the time-in-grade requirements.

Mr. Kerner's argument assumes that § 3304(f) requires federal agencies to apply § 3311 to merit-promotion vacancies that accept applicants from outside the agency's workforce, even when the applicant is already employed in the federal civil service. The statutory language, the legislative history, and the case law do not support this argument.

Congress enacted § 3311 as part of the Veterans' Preference Act, the precursor to the VEOA. Courts have interpreted the Veterans' Preference Act to give preference in a veteran's initial appointment to the federal civil service, but not to an employee's transfer or other intra-agency movement, such as promotions. *Brown v. Dep't of Veterans Affairs*, 247 F.3d 1222, 1224 (Fed. Cir. 2001) ("We affirm the proposition established in *Crowley*, namely, that veterans are not accorded any preference under the VPA when seeking promotion or intra-agency transfers."); *see also Bates v. Runyon*, 97 F.3d 1464, 1996 WL 532210, at \*2 (10th Cir. 1996) ("[J]udicial interpretation clearly establishes that veterans' preference does not apply to an employee's transfer or other intra-agency movement.") (unpublished table decision); *Glenn v. U.S. Postal Serv.*, 939 F.2d 1516, 1523 (11th Cir. 1991) ("[V]eterans' preference only applies to initial employment, not to movement of an incumbent employee from one job to another within an agency."); *Stephens v. Coleman*, 712 F. Supp. 1571, 1581 (N.D. Ga. 1989) ("[N]either the [VPA] nor the . . . regulations promulgated thereunder accord veterans preferential treatment in promotions."), *aff'd*, 901 F.2d 1571 (11th Cir. 1990).

The text of the VEOA shows that it is intended to assist veterans in gaining access to federal civil service employment, not to give veterans preference in merit promotions. The VEOA's title itself—"Veterans Employment Opportunity Act"—shows that its purpose is to help veterans get the opportunity for federal employment. *See* Pub. L. No. 105-339, 112 Stat 3182. And § 2 of the VEOA,

which amended § 3304(f), is titled "Access for Veterans," showing that the VEOA is intended to help veterans gain access to federal employment, not preferential treatment in promotion decisions. *See id.* at § 2.

Additionally, § 3304(f)(4) states that merit-promotion vacancies accepting applications from outside the agency's workforce must announce that preference-eligible veterans are "eligible to apply." This language shows that Congress intended the VEOA to assist veterans otherwise ineligible to apply. Veterans already employed by the competitive service are already "eligible to apply" to merit-promotion vacancies, and thus cannot be the intended target for § 3304(f).

The legislative history of the VEOA confirms that Congress did not intend for § 3304 to apply when a veteran or other preference-eligible applicant is already employed in federal civil service. When introducing the original version of the VEOA, Senator Charles Hagel stated that the purpose of the VEOA was to help veterans "*get and hold* jobs with the Federal Government." 143 CONG. REC. 14,682 (1997) (emphasis added). There was no mention of promotion preference for veterans already employed in the competitive service. Indeed, statements show that the VEOA was specifically targeted to veterans not already employed in the federal civil service. *E.g., id.* at 5,258 (statement of Rep. Maloney) "[T]he VEOA opens Federal employment opportunities for individuals honorably discharged from the military . . . by eliminating artificial barriers which prevent them from competing for Federal jobs *because they are not already civilian employees or employees of a particular agency*.") (emphasis added); 144 CONG. REC. 24,806 (1998), (statement of Rep. Mica) ("Very often, . . . Federal agencies will only allow current civilian employees to apply for vacancies. *Veterans who do not work for the Federal Government are barred from even competing on their merits for these jobs. That will change when this legislation is enacted.* Under

this bill whenever an agency opens the competition to civilian employees outside of its own workforce, it must also allow these qualified veterans to compete.") (emphasis added); *id.* at 24,808 (statement of Rep. Pappas) ("I rise today to support our veterans by calling for the passage of . . . the Veterans Employment Opportunity Act of 1998. . . . For too long many of our nation's veterans have been neglected by our own government when it comes to *obtaining federal employment*.") (emphasis added).

In light of this evidence, we conclude that 5 U.S.C. §§ 3304(f) and 3311 do not require a federal agency to consider non-federal civil service experience when determining whether a veteran employed in the federal civil service meets a time-in-grade requirement for purposes of a merit promotion.

We have considered Mr. Kerner's remaining arguments and find them unpersuasive. Accordingly, we affirm the Board's denial of Mr. Kerner's claims.

**AFFIRMED**

No costs.