# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FREDERICK FAIR,
      Appellant,

      v.

DEPARTMENT OF DEFENSE,
      Agency.

DOCKET NUMBER
DC-3330-14-0296-I-1

DATE: October 26, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Frederick Fair</u>, Alexandria, Virginia, pro se.

<u>Michael J. Buxton</u> and <u>William R. Kraus</u>, Alexandria, Virginia, for the
    agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed in part and denied corrective action in part in his Veterans Employment
Opportunities Act (VEOA) appeal, and denied corrective action in his Uniformed
Services Employment and Reemployment Rights Act (USERRA) appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is a preference-eligible veteran who retired from the U.S. Army in 2011 and who currently serves in the agency under a term appointment as a Senior Program Analyst, GS-14. He filed a Board appeal in which he alleged that, in 2013, he timely applied through USA Jobs, under vacancy announcement # IG-094-13-MP, for the permanent position of Program Analyst, GS-14, but was not selected, Initial Appeal File (IAF), Tab 1 at 1-2, 23-27, and that his nonselection was a violation of his rights under VEOA, *id.* at 2. In addition, he stated that, in 2013, he also applied for the position of Supervisory Program Analyst, GS-15, but was not selected. *Id.* at 12-13, 46. He requested a hearing. IAF, Tab 5.

¶3 The appellant subsequently added a claim that his nonselection for the positions was discriminatory based on his military service and therefore a

violation of his rights under USERRA, and he also requested a hearing on this claim.[2]  IAF, Tabs 30 at 5, 42 at 4-5.

¶4        The administrative judge found that it appeared that the appellant had established the Board's jurisdiction over both his VEOA and USERRA appeals, IAF, Tab 63, although she subsequently found that the Board lacked jurisdiction over the appellant's VEOA claim regarding the GS-15 position because, as to that selection, he did not exhaust his administrative remedy with the Department of Labor (DOL), IAF, Tab 132 at 2 n.1.  Based upon the parties' submissions, IAF, Tabs 98-100, 102-05, 109, 111, the administrative judge found that the appellant did not show that the agency violated his veterans' preference rights under VEOA by obstructing his right to compete for the GS-14 position because, as a current employee, he was not entitled to veterans' preference for a position filled under the agency's merit promotion process, IAF, Tab 114 at 4-5.  Therefore, the administrative judge denied the appellant's request for corrective action as to that matter, and indicated that the requested hearing would be confined to his USERRA claim.  *Coats v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶ 13 (2009) (finding that an appellant does not have an unconditional right under VEOA to a hearing before the Board, and the Board may dispose of a VEOA appeal on the merits without a hearing); IAF, Tab 114 at 5.

¶5        Thereafter, the administrative judge issued an initial decision in which she repeated her findings that the appellant did not show that he was entitled to corrective action under VEOA as to the GS-14 position, IAF, Tab 148, Initial Decision (ID) at 4-7, and that his VEOA claim regarding the GS-15 position was

---

[2] In addition, the appellant claimed during adjudication that the agency's failure to select him for the GS-14 position was retaliatory based on his whistleblowing activity and therefore violated the Whistleblower Protection Act and the Whistleblower Protection Enhancement Act.  IAF, Tab 42.  The administrative judge docketed this matter as a separate individual right of action (IRA) appeal, IAF, Tab 63, which she subsequently dismissed for lack of jurisdiction, *Fair v. Department of Defense*, MSPB Docket No. DC-1221-16-0139-W-1, Initial Decision (Oct. 18, 2016).  The appellant's petition for review of that decision is currently pending before the Board.

dismissed for lack of jurisdiction. ID at 7. As to the appellant's USERRA claim, the administrative judge concluded that the appellant had not shown that his military service was a substantial or motivating factor in his nonselection for either position, and that, in any event, the agency had established by preponderant evidence that its decisions regarding the selections for the GS-14 and GS-15 positions were based on legitimate considerations. ID at 8-21. Therefore, she denied the appellant's request for corrective action under USERRA. ID at 23.

¶6　　　　The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 2, the agency has responded in opposition, PFR File, Tab 4, and the appellant has replied, PFR File, Tab 5.

## **ANALYSIS**

The appellant has not shown that the administrative judge erred in her findings regarding his VEOA appeal.

¶7　　　　To prevail in a VEOA appeal, the appellant must establish, inter alia, that the agency violated his rights under a statute or regulation relating to veterans' preference. *Goodin v. Department of the Army*, 123 M.S.P.R. 316, ¶ 8 (2016). The administrative judge found that the agency advertised the GS-14 position to be filled under merit promotion, as it was open only to agency employees, VEOA and Interagency Career Transition Assistance Program applicants, ID at 5; IAF, Tab 65 at 31; that the appellant was rated as qualified and remained so, even after the agency raised the cut-off score to expedite the selection, IAF, Tab 65 at 46-47; that he was 1 of 10 candidates who was still under consideration after the résumés were reviewed, IAF, Tab 64 at 56; that, following interviews, the panel recommended the four top candidates to the selecting official, *id.* at 28; but that the appellant was ranked seventh, *id.* The administrative judge further found that the appellant did not show that the agency violated his veterans' preference rights by not allowing him to compete for the position because, as a current employee, he is not entitled to veterans' preference in the merit promotion process. ID at 5-7 (citing *Brown v. Department of Veterans Affairs*, 247 F.3d

1222, 1224-25 (Fed. Cir. 2001)); *see Kerner v. Department of the Interior*, 778 F.3d 1336, 1338-39 (Fed. Cir. 2015) (holding that current Federal employees who are preference eligibles or veterans as described in 5 U.S.C. § 3304(f)(1) are not entitled to corrective action on the basis that they were denied an opportunity to compete for a vacant position for which an agency accepts applications from individuals outside its own workforce under merit promotion procedures). Accordingly, the administrative judge denied the appellant's request for corrective action in connection with the GS-14 selection. ID at 7. The appellant has not challenged this finding on review and we discern no basis upon which to disturb it.

¶8    On review, the appellant argues that the administrative judge erred in finding that he did not exhaust his remedy before DOL. PFR File, Tab 2 at 14. For an appellant in a VEOA appeal to establish that he exhausted his remedy before DOL, he must show either that he received written notification of the results of DOL's investigation of his complaint, or, if DOL was unable to resolve the complaint within 60 days, that he provided written notification to DOL of his intention to bring a Board appeal. *Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 10 (2011). The administrative judge found that the appellant failed to establish exhaustion as to the selection for the GS-15 position. ID at 7. In support of his claim that he did establish exhaustion, the appellant points to correspondence he received from DOL, PFR File, Tab 2 at 14, but two of these documents do not constitute notification of the results of DOL's investigation, IAF, Tab 32 at 4, Tab 36 at 6. While the other document does constitute such notification, it specifically refers to the appellant's nonselection for the GS-14, not the GS-15, position. IAF, Tab 41 at 6. Therefore, we find that the appellant has not established that the administrative judge erred in her findings regarding exhaustion.

**The appellant has not shown error in the administrative judge's findings that he did not establish his entitlement to corrective action in connection with his USERRA appeal.**

¶9     In a USERRA appeal, the appellant must prove by preponderant evidence that his military status was a motivating or substantial factor in the agency's action. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 16 (2006). Here, the administrative judge considered the testimony of the members of the résumé and interview panels to the effect that the candidates' veterans' status itself was not considered as either a positive or a negative factor, although particular military experience was viewed favorably. ID at 8-16. In addition, the administrative judge considered the interview panel witnesses' testimony regarding how the various candidates performed during that part of the hiring process. ID at 8-17. The administrative judge also considered the appellant's testimony, including his claim that he was told that a member of the interview panel for the GS-14 position was biased against him, in part because of his military service. ID at 16-17. The administrative judge thus found that there was conflicting evidence concerning whether the appellant was not selected for the positions because of his military obligations. ID at 17. However, after weighing the witnesses' credibility, *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987); ID at 17-21, the administrative judge concluded that the appellant failed to establish that his military service was a motivating or substantial factor in the agency's decisions not to select him, but, rather, that the testimonial and documentary evidence showed that the agency found that other applicants were more qualified for the positions and performed better during the interview process, ID at 17, 21. Accordingly, the administrative judge denied the appellant's request for corrective action. ID at 21.

¶10     On review, the appellant challenges a number of the administrative judge's witness rulings. Specifically, the appellant argues that the administrative judge erred in denying his request for six witnesses. PFR File, Tab 2 at 2-5, 8. The

record reflects that, in her hearing order of March 1, 2016, the administrative judge ordered the parties to file their prehearing submissions by May 24, 2016, including their witness lists. IAF, Tab 90. The appellant submitted his witness list on May 25, 2016, IAF, Tab 127 at 39-42, and supplemented it on May 26, 2016, IAF, Tab 130. Although neither the appellant nor his representative appeared for the prehearing conference, the administrative judge made witness rulings, noting that the appellant's pleadings in this matter had been received after the filing deadline. IAF, Tab 132 at 5 n.2. With the exception of the appellant himself, the administrative judge considered but disallowed all of his requested witnesses on the basis that their anticipated testimony was "completely unrelated to [the appellant's] USERRA claim." *Id.* at 5 n.3.

¶11     It is well established that an administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). According to the appellant, D.M. was the appellant's supervisor in Afghanistan and would have testified that he had nominated the appellant for an award, IAF, Tab 127 at 39; R.O. wrote the position description for the GS-14 position and allegedly assisted C.R., one of the selectees, in becoming eligible for the position, *id.*; K.M. drafted a policy memorandum concerning the selection of the GS-14 positon and was the selecting official, *id.*; J.F. would have testified to an email he transferred that "besmirched" the appellant and also was submitted to the Chairman of the interview panel for the GS-14 position, *id.*; and C.B., the appellant's equal employment opportunity (EEO) counselor, would have testified to conversations he had with the appellant regarding the GS-14 and GS-15 positions, IAF, Tab 130 at 4-5. As noted, USERRA only provides the Board with the authority to determine whether the

appellant's military service was a motivating factor in the agency's decision.[3] *Wooten v. Department of Veterans Affairs*, [102 M.S.P.R. 131](#), ¶ 13 (2006). The appellant did not below, nor has he suggested on review, that any of these witnesses would have provided testimony relevant to the issue of whether, in the nonselections, the agency discriminated against him based on his military service. On that basis, we find that the administrative judge did not abuse her discretion in denying these witnesses. *Franco*, 27 M.S.P.R. at 325.

¶12     The appellant also argues on review that the administrative judge abused her discretion in not allowing him to pursue certain issues on cross-examination. For example, he contends that the administrative judge precluded him from examining a member of the interview panel for the GS-15 position who was also the Chairman of the interview panel for the GS-14 position, as to a conversation he had with the appellant's EEO counselor. Hearing Transcript (HT) at 22-24 (testimony of a member of the interview panel). According to the appellant, the precluded testimony would have shown that the witness was predisposed against the appellant. PFR File, Tab 2 at 2-3. To the extent that the witness had such a predisposition, the appellant has not shown, nor even suggested, that it was because of the appellant's military service. Because that is the dispositive issue in this case, the appellant has not established that the administrative judge abused her discretion in not allowing him to pursue that matter. *Franco*, 27 M.S.P.R. at 325. Similarly, the appellant argues that the administrative judge did not allow him to question either that witness or a member of the résumé panel for the GS-14 position on the issues of alleged bias, conflict of interest, and violation of ethics laws. The appellant also argues generally that he was improperly precluded from presenting evidence that, in connection with these two selections, the agency violated the merit system principles. PFR File, Tab 2 at 3. The appellant has not shown, or even suggested, that any of these issues bears on his military status

---

[3] To the extent that the appellant argues on review that the administrative judge erred in only allowing evidence on this issue, PFR File, Tab 2 at 4, he has not shown error.

claim, *Dale*, [102 M.S.P.R. 646](#), ¶ 18, and therefore the Board lacks jurisdiction to consider them. As such, we find that the administrative judge did not abuse her discretion in precluding such testimony. *Franco*, 27 M.S.P.R. at 325.

<u>The appellant has not shown that the administrative judge erred or otherwise abused her discretion as to her other rulings.</u>

¶13    The appellant argues that the administrative judge erred in denying his motion for her recusal. PFR File, Tab 2 at 11; HT at 5 (ruling of the administrative judge). The day before the hearing, the appellant filed an emergency motion seeking the administrative judge's recusal for judicial bias, judicial retaliation, judicial conflict of interest, and conspiracy to sabotage the appellant's affirmative defenses. IAF, Tab 144. In the motion, the appellant challenged the administrative judge's summary of the prehearing conference, at which neither the appellant nor his representative was in attendance, IAF, Tab 132, and argued that the administrative judge erred in failing to consider his "affirmative defenses" consisting of deprivation of his right to compete, deprivation of his right to an impartial selection panel, the violation of various prohibited personnel practices and merit system principles, and her alleged failure to adjudicate many of his motions, IAF, Tab 144. The allegation of bias thus appears to be based only on rulings made during this proceeding. An administrative judge's case-related rulings, even if erroneous, do not establish bias sufficient to warrant recusal. *King v. Department of the Army*, [84 M.S.P.R. 235](#), ¶ 6 (1999); *see also Oliver v. Department of Transportation*, [1 M.S.P.R. 382](#), 386 (1980) (explaining that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators). Therefore, we find that the appellant has not shown that the administrative judge erred in denying his motion for recusal. *Diefenderfer v. Department of Transportation*, [108 M.S.P.R. 651](#), 29 n.7 (2008).

¶14    Next, the appellant challenges on review the administrative judge's rejection of his request that his representative be referred to by the title of "administrative law judge" and that his company name be identified. PFR File, Tab 2 at 12; IAF, Tab 93. The administrative judge granted the motion in part, only as to the identification of the appellant's representative's company, IAF, Tab 96, thoroughly explaining her reasons for her decision, *id.* at 2-3. The appellant did not object to the ruling. His failure to do so then precludes his doing so now on petition for review. *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶¶ 7-8 (2012).

¶15    The appellant also argues on review that the administrative judge erred in not joining his IRA appeal with this appeal. PFR File, Tab 2 at 13. After the appellant noted his IRA appeal, IAF, Tab 42, the administrative judge stated that it would be docketed and adjudicated separately. IAF, Tab 63. Although the appellant continued to file pleadings in this appeal that related to his whistleblower claim, IAF, Tabs 68, 82-84, he did not specifically object to the administrative judge's ruling. His failure to do so then precludes his doing so now on petition for review. *Miller*, 117 M.S.P.R. 557, ¶¶ 7-8.

¶16    Finally, the appellant argues on review that the administrative judge abused her discretion when, on December 1, 2015, she granted the agency's motion to suspend the case the day after its filing of November 30, 2015, PFR File, Tab 2 at 14, and when she failed to rule on his motion for clarification of the administrative judge's order, *id.* at 14-15. However, no such pleadings were filed in the instant case on or around the dates cited. To the extent that the motions and the ruling occurred during the adjudication of the appellant's IRA appeal, the appellant's challenge to them does not bear on this case.

**NOTICE OF APPEAL RIGHTS[4]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.