# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVID SCOTT BRIMER,<br>    Appellant, | DOCKET NUMBER<br>AT-3330-21-0119-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>    Agency. | DATE:  November 30, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David Scott Brimer</u>, Milton, Florida, pro se.

<u>Carol M. Lynch</u> and <u>Daniel J. Watson</u>, Esquire, Pensacola, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which denied corrective action in the appellant's appeal under the Veterans Employment Opportunities Act of 1998 (VEOA).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find jurisdiction over the appellant's right-to-compete claim pursuant to 5 U.S.C. § 3330a(a)(1)(A)-(B) and to clarify the reason as to why the appellant is not entitled to corrective action under VEOA, we AFFIRM the initial decision.

## BACKGROUND

¶2 This appeal concerns the appellant's nonselection for a merit promotion to a GS-14 Assistant Human Resources Officer position with the agency's Naval Education and Training Command. The following facts are undisputed. The appellant is a preference-eligible disabled veteran. Initial Appeal File (IAF), Tab 7 at 6, Tab 10 at 7, 10. At the time of his application for promotion, the appellant was employed by the agency's Bureau of Medicine and Surgery as a GS-13 Supervisory Human Resources Specialist. IAF, Tab 7 at 4. The vacancy announcement, advertised under Job Announcement ST-10905451-20-DM, was a merit promotion announcement open to current or former Federal employees, and the agency accepted applications from outside its workforce, including VEOA eligibles, and Military Spouse Preference (MSP) eligibles. IAF, Tab 6 at 9-10.

¶3 The appellant applied for the position; however, his application was not referred to the hiring official because the agency mistakenly believed that he did

not submit documents reflecting that he met the time-in-grade requirement for the position. *Id.* at 5, 38. The appellant filed a VEOA complaint with the Department of Labor (DOL), Veterans' Employment and Training Service (VETS), on October 20, 2020. IAF, Tab 10 at 12. After receiving notification of the appellant's complaint, the agency reviewed the appellant's application and informed VETS that the appellant was not among the most highly qualified candidates for the position. IAF, Tab 6 at 24. On December 2, 2020, VETS issued a letter closing the file on the appellant's VEOA complaint and notified him of his appeal rights. IAF, Tab 1 at 7-8.

¶4 The appellant timely filed a Board appeal and requested a hearing. IAF, Tab 1 at 2. In his appeal, he alleged that the agency obstructed his right to compete for employment and violated his veterans' preference rights. *Id.* at 5. The administrative judge issued a jurisdictional order, which notified the appellant that the Board may not have jurisdiction over his appeal, explained the jurisdictional requirements under VEOA, and ordered the appellant to file evidence and argument establishing Board jurisdiction. IAF, Tab 9. Both parties filed responses. IAF, Tabs 10-11. The administrative judge issued a decision on the merits, without holding a hearing, denying the appellant's request for corrective action under VEOA and finding the Board otherwise lacks jurisdiction over the appellant's allegation of a prohibited personnel practice pursuant to 5 U.S.C. § 2302(b)(4). IAF, Tab 12, Initial Decision (ID) at 5-7.

¶5 The appellant has filed a petition for review, wherein he asserts that the administrative judge erred by adjudicating the VEOA claim on the merits after only requesting that the appellant submit evidence and argument as to jurisdiction over his claim. Petition for Review (PFR) File, Tab 1 at 5-8. He also submits additional argument regarding the merits of the nonselection. *Id.* at 8-15. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The Board has jurisdiction over the appellant's right-to-compete claim.</u>

¶6    Under VEOA, preference eligibles and certain veterans who unsuccessfully apply for a position being filled by a Federal agency for which the agency accepted applications from individuals outside of its own workforce under merit promotion procedures and who allege that they have been denied the opportunity to compete afforded to them under 5 U.S.C. § 3304(f)(1) may seek administrative redress for a violation of their rights.  5 U.S.C. § 3330a(a)(1)(A)-(B); *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶¶ 9-17 (2006).  These are commonly referred to as right-to-compete claims.  Prior to the passage of the Veterans Benefits Improvement Act of 2004, Pub. L. No. 108-454, § 804, 118 Stat. 3598, 3626 (2004), preference-eligible applicants were permitted to file a right-to-compete claim pursuant to statutory provisions now codified at 5 U.S.C. § 3330a(a)(1)(A).  *Walker*, 104 M.S.P.R. 96, ¶¶ 16-17 (explaining that 5 U.S.C. § 3304(f)(1) is a statute relating to veterans' preference for purposes of 5 U.S.C. § 3330a(a)(1)).  The Veterans Benefits Improvement Act of 2004 extended that right to include covered veterans, who may file a claim pursuant to 5 U.S.C. § 3330a(a)(1)(B).  *Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶ 4 n.1 (2016).

¶7    To establish Board jurisdiction over a claim that he was denied the opportunity to compete for a vacant position under 5 U.S.C. § 3330a(a)(1)(A)-(B), an appellant must demonstrate that he exhausted his administrative remedy with DOL and make nonfrivolous allegations of the following:  that he is a preference eligible or veteran who was separated from the armed forces under honorable conditions after 3 years or more of active service; that the actions at issue took place on or after the October 31, 1998 enactment date of VEOA for preference eligibles or the December 10, 2004 enactment date of the Veterans Benefits Improvement Act of 2004 for veterans covered by 5 U.S.C. § 3304(f)(1); and that the agency denied him the opportunity to compete under merit promotion

procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce. *See Montgomery*, 123 M.S.P.R. 216, ¶¶ 4-5; *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010). The administrative judge found that the appellant did not establish jurisdiction over his claim pursuant to 5 U.S.C. § 3330a(a)(1)(A). ID at 5-6. He implicitly found that the appellant established jurisdiction over his claim pursuant to 5 U.S.C. § 3330a(a)(1)(B). ID at 6-7.

¶8    The appellant has made a nonfrivolous allegation that he is both preference eligible and a veteran who was separated from the armed forces under honorable conditions after 3 years of active service. IAF, Tab 10 at 4, 7-10. He has also presented evidence that he has exhausted his remedy before DOL. IAF, Tab 1 at 7-8. It is undisputed that the agency filled a vacant position using merit promotion procedures, accepted applicants from outside its workforce, and that the selection at issue took place in 2020, after the enactment of VEOA and the Veterans Benefits Improvement Act of 2004. IAF, Tab 6 at 9-17. Accordingly, we find that the Board has jurisdiction over the appellant's right-to-compete claim under 5 U.S.C. § 3330a(a)(1)(A) and (a)(1)(B). *See Montgomery*, 123 M.S.P.R. 216, ¶¶ 4-5 & nn.1-2.

We agree with the administrative judge's conclusion that the appellant was not entitled to any corrective action under VEOA; however, we modify the initial decision as to the legal basis for this determination.

¶9    When, as here, the agency posts a merit-promotion vacancy and opens the application process to individuals outside of its workforce, preference-eligible applicants and certain veterans "may not be denied the opportunity to compete" for such vacancies. *Kerner v. Department of the Interior*, 778 F.3d 1336, 1337 (Fed. Cir. 2015) (quoting 5 U.S.C. § 3304(f)(1)). The administrative judge concluded that the agency did not violate the appellant's right to compete because "the undisputed record supports a finding that the appellant was ultimately granted the right to compete for this vacancy after initial missteps in handling his

application." ID at 6. Although we disagree with the administrative judge's reasoning for denying corrective action, for the following reasons, we find that the agency must prevail as a matter of law.

¶10    In *Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 17, the Board found that, as a matter of law, current Federal employees are not entitled to corrective action based on a claim of denial of an opportunity to compete under 5 U.S.C. § 3304(f)(1). In reaching this decision, the Board relied on the U.S. Court of Appeals for the Federal Circuit's decision in *Kerner*, 778 F.3d 1336. In *Kerner*, after reviewing the text and legislative history of VEOA and its precursor, the Veterans' Preference Act, the Federal Circuit reasoned that nothing in the statutory language, the legislative history, or case law supported a presumption that the "opportunity to compete" provision in 5 U.S.C. § 3304(f) applies in instances in which an applicant is already employed in the Federal civil service. *Kerner*, 778 F.3d at 1338. The Federal Circuit reasoned that the intent of the subject provision was to assist veterans in obtaining an initial appointment to the Federal service, not subsequent promotions or other intra-agency movement. *Id.* The court concluded that, because veterans currently employed in a competitive service position are already "eligible to apply" to merit promotion vacancies, such applicants could not have been the intended beneficiaries of section 3304(f). *Id.* at 1338-39. Here, because it is undisputed that the appellant was already a Federal employee, 5 U.S.C. § 3304(f) was inapplicable to him regardless of whether the agency forwarded his application to the selecting official. *See Oram*, 2022 MSPB 30, ¶¶ 13, 17 (citing *Kerner*, 778 F.3d at 1338-39). For these reasons, we need not reach the appellant's arguments on review regarding the agency's belated review of his application, and we affirm the denial of corrective action on the merits.

¶11    The appellant has argued on review that he was prejudiced by the administrative judge's decision on the merits after only being instructed to submit evidence and argument as to jurisdiction over his claim. PFR File, Tab 1 at 6-8.

VEOA complainants do not have an unconditional right to a hearing and the Board may decide a VEOA appeal on the merits, without holding a hearing, when there are no genuine disputes of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007). Thus, any error was not prejudicial because there is no dispute that the appellant was a Federal employee at the time of the nonselection, and, therefore, the agency must prevail as a matter of law.

¶12 Based on the foregoing, we affirm as modified the initial decision, still denying the appellant's request for corrective action under VEOA. We also affirm the administrative judge's finding that the Board otherwise lacks jurisdiction over the appellant's prohibited personnel practices claim pursuant to 5 U.S.C. § 2302(b)(4).

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.