# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3548
_____

Estella L. Morris

*Plaintiff - Appellant*

v.

Department of Veterans Affairs, Denis McDonough, Secretary

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 25, 2024
Filed: October 10, 2024
_____

Before BENTON, ARNOLD, and KOBES, Circuit Judges.
_____

ARNOLD, Circuit Judge.

Estella Morris brought civil-rights claims against her employer, asserting that it denied her a promotion because she is black and declined to raise her pay in

retaliation for her filing discrimination complaints. The district court[1] granted summary judgment to Morris's employer, which Morris contends was in error. We affirm.

Morris began working for the Central Arkansas Veterans Healthcare System (CAVHS)—a facility with the Department of Veterans Affairs—in 1981 in the social-work field. Over the next few decades she climbed the ranks there while also serving in the Arkansas National Guard and the Navy Reserve. In 2015, when CAVHS sought to hire a Chief of Social Work Service, Morris applied for the job and received a veteran preference. She was one of two finalists for the position, the other being a CAVHS employee named Anne Wright, a white woman, who had previously been the Director of Social Work Service at a different facility. The employee responsible for filling the position sent an email to department officials recommending Wright for the job. She wrote that Wright's references "were excellent" while Morris's "were good." She explained that Morris's references had identified issues with "'micro-management' and at times difficulty with interpersonal skills when situations were not as she expected." She also said that "[t]imeliness in responding to action items was identified as a concern." The officials concurred with the recommendation, and Wright was hired to fill the position.

Morris maintains that CAVHS failed to promote her because of her race. Title VII prohibits employers from discriminating against employees on the basis of race. *See* 42 U.S.C. § 2000e-2(a)(1). The district court held that Morris had demonstrated a prima facie case of race discrimination by showing that she's a member of a protected group, had applied for an available promotion for which she was qualified, was rejected, and a similarly situated employee not part of her protected class was promoted instead. *See Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1086 (8th

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

Cir. 2011). It also held that CAVHS had provided a legitimate, nondiscriminatory reason for promoting Wright over Morris: Wright had more favorable references. *See id.* So to prevail, Morris had to show that the reason CAVHS advanced was really a pretext for unlawful discrimination. *See id.* The district court concluded that she had not done so and granted summary judgment to CAVHS.

We review the district court's grant of summary judgment de novo, viewing the facts in the light most favorable to Morris as the nonmoving party. *See id.* at 1085–86. Morris challenges the district court's conclusion that no reasonable jury could find on this record that CAVHS's stated reason for hiring Wright was just a pretext. To demonstrate why, she points out that federal law required CAVHS to follow certain procedures when it proposed to "pass over" Morris (who had a veteran preference) in favor of Wright (who didn't have a veteran preference), *see* 5 U.S.C. § 3318(c)(1), yet CAVHS did not follow those procedures. Morris maintains that "a reasonable juror could conclude that [CAVHS's] admitted failure to follow the veteran's preference pass over process was a pretext for racial discrimination."

It is unclear to us that Morris was entitled to a veteran preference given that she was seeking a promotion rather than entry into CAVHS. *See* 5 C.F.R. § 211.102(d)(6); *see also Kerner v. Dep't of the Interior*, 778 F.3d 1336, 1338 (Fed. Cir. 2015). It could be, though, that once CAVHS awarded Morris the preference, it was obligated to follow the required procedures when it decided to pass her over for promotion. But we need not resolve these matters because, even if CAVHS should have followed these procedures, we fail to see, without more, how that failure suggests that Morris's race affected CAVHS's decision. Otherwise, disappointed employees could make a Title VII case out of any bureaucratic oversight, regardless of whether that oversight had anything to do with a statutorily protected characteristic. Title VII doesn't extend that far.

The district court explained that Morris had failed to draw any connection between CAVHS's failure to follow pass-over procedures and racial "animus." Morris correctly points out that a Title VII plaintiff need not show that the defendant harbored animus, ill will, enmity, or the like against her to succeed. *See Murray v. UBS Secs., LLC*, 601 U.S. 23, 34 (2024); *see also Cont'l Cement Co. v. Sec'y of Labor*, 94 F.4th 729, 732 (8th Cir. 2024). But she must demonstrate a causal connection between her protected characteristic and the employer's decision, specifically, that Morris's race "was a motivating factor" for CAVHS's decision. *See* 42 U.S.C. § 2000e-2(m). On this record, we do not believe that a reasonable jury could find that such a causal connection exists, and we think the district court was making the same point, though in language less precise. So we affirm the court's grant of summary judgment to CAVHS on Morris's claims relating to her failure to receive this promotion.

Years later, an opportunity for a pay upgrade was made available for social workers "because of a change in the qualification standards," as Morris puts it. Morris's supervisor, Michael Ballard, submitted a request for the upgrade on Morris's behalf. Morris asserts, however, that Ballard "sabotaged her application because she filed multiple employment discrimination complaints" in the past. Title VII prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *See* 42 U.S.C. § 2000e-3(a). To succeed on her retaliation claim, Morris must present evidence raising an inference that the denial of the upgrade "was causally linked to" her protected conduct. *See Collins v. Kan. City Mo. Pub. Sch. Dist.*, 92 F.4th 770, 774 (8th Cir. 2024).

Morris hasn't shown that a reasonable jury could find the requisite causal link. First, it's not clear why Morris believes Ballard sabotaged the request, as he expressly recommended the upgrade. She mentions that Ballard made errors in the "functional

statement" part of the request, that she brought them to his attention, and yet he did not correct them. She says that she then had to make the changes herself. Morris does not explain how these glitches in the gathering of her application materials affected the decision to deny her the upgrade.

The person who denied the upgrade concluded that Morris's "position does not meet the complexity according to the qualification standards." Morris doesn't take issue with that conclusion. If that conclusion rests on the functional statement that Morris submitted, it was she who prepared it, not Ballard. Further, Morris has failed to demonstrate that the person responsible for denying her the upgrade even knew about her protected activities, so we don't see how a reasonable jury could find a causal link between those activities and the denial of her pay upgrade.

Morris emphasizes that Ballard told her attorney that he gave her favorable performance reviews because he was afraid she would file discrimination or retaliation complaints against him if he did not. We don't think that admission gets Morris's claim to a jury. As we have said, Ballard was not the person responsible for denying Morris a pay upgrade. In any event, his admission suggests merely that he extended unwarranted favoritism toward Morris, an act that cannot give rise to an inference that Ballard was unfavorable to her application. We therefore agree with the district court that summary judgment was appropriate on Morris's retaliation claim as well.

Affirmed.

_____