**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GUY K. BOYD,

      Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,

      Agency.

DOCKET NUMBER
NY-3330-14-0345-I-1

DATE: April 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nathaniel Watty</u>, Saint Albans, New York, for the appellant.

<u>Kathleen J. Tulloch</u>, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which granted the appellant's request

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) and dismissed his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA).  For the reasons discussed below, we DENY the appellant's petition for review, GRANT the agency's cross petition for review, and REVERSE the initial decision regarding the appellant's VEOA claim.  His request for corrective action under VEOA is DENIED, and his request for corrective action under USERRA is DISMISSED.

## BACKGROUND

¶2    The agency advertised to fill a GS-7 Detective position.  Initial Appeal File (IAF), Tab 7, Subtab 4k.  The vacancy announcement, filled under merit promotion procedures, was open to both internal and external candidates.  *Id.* The appellant, an outside candidate who was an agency employee but not an employee of the hiring healthcare system, was found qualified and placed on the certificate of eligibles.  He was not interviewed, and the agency selected an internal candidate for the position.  IAF, Tab 7, Subtabs 4b, 4c, 4d, 4f.  On appeal, the appellant challenged his nonselection and requested a hearing.  IAF, Tab 1 at 2.  In an initial decision based on the written record, the administrative judge found that the appellant failed to make a nonfrivolous allegation that his uniformed service was a substantial or motivating factor in his nonselection and dismissed the USERRA part of the appeal.  IAF, Tab 16, Initial Decision (ID) at 13.  However, regarding the VEOA claim, the administrative judge found that the agency denied the appellant the right to compete under 5 U.S.C. § 3304(f)(1) and ordered the agency to reconstruct the selection process.  ID at 7-10.

¶3    The appellant has filed a petition for review, and the agency has filed a cross petition for review.  Petition for Review (PFR) File, Tabs 1-2.

## ANALYSIS

<u>Because the appellant was a current Federal employee, he is not entitled to corrective action for his claim that he was denied an opportunity to compete under 5 U.S.C. § 3304(f)(1).</u>

¶4        Section 3304(f)(1) of Title 5 of the U.S. Code expressly provides preference eligibles with a right to compete for vacant positions when the agency issuing the vacancy announcement indicates that it will accept applications from individuals outside its own workforce. *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 8 (2010). In its cross petition, the agency argues that it met its obligations by placing the appellant's name on the certificate of eligibles, along with other well-qualified candidates, and that it was not legally required to consider him at every stage of the selection process, PFR File, Tab 2 at 6, including the interview stage, *id.* at 9. However, in *Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 17, the Board found that, as a matter of law, current Federal employees are not entitled to corrective action based on a claim of denial of an opportunity to compete under 5 U.S.C. § 3304(f). In reaching that result, the Board relied on the decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Kerner v. Department of the Interior*, 778 F.3d 1336, 1338-39 (Fed. Cir. 2015). There, the court found that, because the appellant was already employed in the Federal civil service, 5 U.S.C. § 3304(f)(1) was inapplicable in his case. After reviewing the text and legislative history of VEOA and its precursor, the Veterans' Preference Act, the Federal Circuit concluded that nothing in the statutory language, the legislative history, or case law supports a presumption that section 3304(f)'s "opportunity to compete" provisions apply in instances in which an applicant already was employed in the Federal civil service, but rather that the intent of those provisions was to assist veterans in obtaining an initial appointment to the Federal service—not subsequent promotions or other intra-agency movement. *Kerner*, 778 F.3d at 1338. The court continued that, because veterans currently employed in a competitive-service position are already

"eligible to apply" to merit promotion vacancies, such applicants could not have been the intended beneficiaries of section 3304(f). *Id.*

¶5    Here, it is undisputed that the appellant was a Federal employee at the time the agency did not select him for the Detective position. IAF, Tab 7, Subtabs 4f-1, 4h-1; Tab 1 at 1, 3. Therefore, he could not prevail as a matter of law on his argument that he was denied the opportunity to compete under 5 U.S.C. § 3304(f). *Oram*, 2022 MSPB 30, ¶ 17. For that reason, the administrative judge's finding in the appellant's favor was in error,[3] and the initial decision on the VEOA claim must be reversed and the appellant's request for corrective action denied.[4]

### The appellant has not shown error in the administrative judge's dismissal of his USERRA appeal for lack of jurisdiction.

¶6    On review, the appellant makes a bare allegation that the administrative judge erred in finding that he did not prove his USERRA claim. PFR File, Tab 1 at 3-4. A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992). Because the appellant has not explained why he

---

[3] A number of cases the administrative judge relied upon to support his position, including *Shapley v. Department of Homeland Security*, 110 M.S.P.R. 31 (2008), *Styslinger v. Department of the Army*, 105 M.S.P.R. 223 (2007), *Jolley v. Department of Homeland Security*, 105 M.S.P.R. 104 (2007), and *Gingery v. Department of Veterans Affairs*, 114 M.S.P.R. 175 (2010), ID at 6-7, were specifically overruled by the Board in *Oram*, 2022 MSPB 30, ¶ 18, to the extent they are inconsistent with the Federal Circuit's holding in *Kerner*.

[4] As noted, the administrative judge did not convene the appellant's requested hearing. The Board may decide the merits of an appeal alleging a violation of rights under VEOA without holding a hearing where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶ 13 (2016); *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009); 5 C.F.R. § 1208.23(b). Given our findings regarding the proper disposition of this appeal, the appellant's rights were not prejudiced by the administrative judge's failure to convene a hearing regarding the appellant's VEOA claim.

believes the administrative judge erred and because there is no error apparent on the face of the initial decision, we find that the appellant's bare allegation does not provide a basis for review.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] The appellant contends on review that the administrative judge took 2 years to issue his initial decision. However, the appellant has not shown how this error adversely affected his substantive rights. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.