## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KARL MUEGO,
        Appellant,

v.

DEPARTMENT OF LABOR,
        Agency.

DOCKET NUMBER
PH-3330-22-0069-I-1

DATE: August 16, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Darius Rohani-Shukla, Esquire, and Debra D'Agostino, Esquire,
    Washington, D.C., for the appellant.

Channah S. Broyde, Esquire, Philadelphia, Pennsylvania, for the agency.

Karen Modesta Barefield, Esquire, Arlington, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which granted the appellant's request for corrective action in his Veterans Employment Opportunities Act (VEOA) appeal. For the reasons discussed below, we GRANT

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the agency's petition for review and VACATE and REVERSE the initial decision, finding that the appellant was not entitled to corrective action under VEOA.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, a preference eligible employed with another Federal agency, applied for a position with the responding agency in this appeal. Initial Appeal File (IAF), Tab 8 at 159-60, 188, 215. The agency accepted applications from outside its workforce and used merit promotion procedures to fill the vacancy. *Id.* at 30, 277. The agency did not include the appellant on its initial certificate of eligibles for the vacancy based on its determination that he did not meet the position's specialized experience requirements. *Id.* at 76-77. After the agency informed him of this determination, the appellant filed a complaint with the Veterans' Employment and Training Service (VETS) alleging that the agency's determination constituted a veterans' preference issue. *Id.* at 173-75.

¶3 In response to the appellant's VETS complaint, the agency reassessed the appellant's application, determined that he did meet the specialized experience requirements for the position, and amended the certificate of eligibles to include him. *Id.* at 67, 184-85. However, the agency did not refer the appellant's application to any hiring manager or selecting official for consideration. IAF, Tab 20, Hearing Recording (testimony of the human resources liaison). The appellant was informed of his nonselection for the position and filed a second VETS complaint.[2] IAF, Tab 1 at 7-10. VETS issued the appellant a close-out letter, IAF, Tab 8 at 66, and the appellant timely filed an appeal with the Board, IAF, Tab 1.

After holding a hearing, the administrative judge granted the appellant's request for corrective action, finding that the agency violated his right to compete

---

[2] VETS previously issued the appellant a letter stating that his first complaint was being closed as prematurely filed and informing him that he could file a new complaint after a selection had been made. IAF, Tab 8 at 16

as a preference eligible for a vacancy for which it was accepting applications outside its workforce under 5 U.S.C. § 3304(f)(1).  IAF, Tab 21, Initial Decision (ID) at 12-13.  The administrative judge thus ordered the agency to reconstruct the hiring action for the vacancy announcement.  ID at 13.  The agency filed a petition for review, to which the appellant has responded.  Petition for Review File, Tabs 2, 4.

The appellant was not entitled to corrective action under 5 U.S.C. § 3304(f)(1).

¶4      The Board's regulations reserve to it the authority to consider any issue in an appeal before it.  *McClenning v. Department of the Army*, 2022 MSPB 3, ¶ 16; 5 C.F.R. § 1201.115(e).  Thus, although not raised by the agency, we exercise our authority to consider whether the administrative judge erred by granting corrective action.

¶5      In *Kerner v. Department of the Interior*, 778 F.3d 1336, 1338-39 (Fed. Cir. 2015), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) concluded, based on a review of the statute's text and legislative history, that 5 U.S.C. § 3304 does not apply when a veteran or other preference-eligible applicant is already employed in the Federal civil service.  The Federal Circuit found instead that VEOA is intended to assist veterans in gaining access to Federal employment, not to give veterans preference in merit promotions.  *Kerner*, 778 F.3d at 1338.  Because the appellant was a Federal employee when he applied for the agency position, IAF, Tab 8 at 188, 215, according to *Kerner*, he was not entitled to an opportunity to compete for that position under 5 U.S.C. § 3304(f)(1).  Thus, the agency did not commit a VEOA violation, and the administrative judge erred by granting corrective action.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.