## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVID R. SHAW,<br>        Appellant,<br><br>        v.<br><br>DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DOCKET NUMBER<br>DE-3330-18-0231-I-1<br><br><br>DATE: April 24, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David R. Shaw, Wichita, Kansas, pro se.

Zane P. Schmeeckle, Kansas City, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to incorporate the Board's finding in *Oram v. Department of Homeland Security*, 2022 MSPB 30, into the initial decision's analysis of the opportunity-to-compete provision in 5 U.S.C. § 3304(f), and to address the appellant's claim as to the rating and ranking of applications, we AFFIRM the initial decision.

## BACKGROUND

The appellant is a preference-eligible veteran and was appointed to a career-conditional appointment as a GS-12 IT Specialist (INFOSEC), effective July 1, 2012. Initial Appeal File (IAF), Tab 7 at 33. The agency posted a vacancy announcement for a competitive-service GS-13 IT Specialist (INFOSEC) position, which was open from January 3 to 4, 2018. *Id.* at 15, 24-32. The announcement identified the appointment type as permanent and stated that the position was open to the public. *Id.* at 25. The announcement also indicated that the position was being filled through "the Office of Personnel Management's (OPM) Government-Wide Direct-Hire Authority" and that, while traditional veterans' preference rules did not apply, qualified veterans would be given full consideration for the position. *Id.* at 26, 29. The appellant did not apply to the vacancy. IAF, Tab 1 at 5.

Subsequently, the appellant filed a VEOA complaint with the Department of Labor (DOL). *Id.* at 7-10. After exhausting his remedies with DOL, *id.* at 11-12, the appellant filed a Board appeal in which he argued that the agency violated his veterans' preference rights by not allowing him to apply and compete for the job announcement in violation of his right to compete under 5 U.S.C. § 3304(f)(1).[2] *Id.* at 1, 5. He requested a hearing. *Id.* at 2.

The administrative judge issued an order finding Board jurisdiction over the appellant's allegation that he was denied the opportunity to compete under 5 U.S.C. § 3304(f). IAF, Tab 8 at 1. The administrative judge determined that there was no genuine dispute of material fact, and the appeal could be adjudicated without a hearing. IAF, Tab 10.

Based on the written record, the administrative judge issued an initial decision denying the appellant's request for corrective action under VEOA. IAF, Tab 11, Initial Decision (ID). He found that the appellant established that he had exhausted his remedy with DOL; there was no dispute that he was a veteran within the meaning of 5 U.S.C. § 3304(f)(1); and he established that the action challenged took place after December 10, 2004. ID at 3-4. He further found that neither 5 U.S.C. § 3304(f)(1), nor any other law or regulation related to veterans' preference, was violated because the appellant had the opportunity to compete for the vacancy, even though he did not submit an application before the vacancy closed. ID at 5.

The appellant timely filed a petition for review.[3] Petition for Review (PFR) File, Tab 1. The agency filed a response to the petition. PFR File, Tab 3.

---

[2] During the adjudication of this VEOA appeal, the appellant seemed to raise an employment practices claim, which the administrative judge docketed as a separate appeal. *See Shaw v. Department of Veterans Affairs*, MSPB Docket No. DE-300A-18-0232-I-1.

[3] The petition for review also contains the appellant's arguments for his employment practices appeal which we address in our decision in that separate appeal. *See Shaw v. Department of Veterans Affairs*, MSPB Docket No. DE-300A-18-0232-I-1.

**DISCUSSION OF ARGUMENTS ON REVIEW**

In *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015), the U.S. Court of Appeals for the Federal Circuit determined that the opportunity-to-compete provision in 5 U.S.C. § 3304(f) is not applicable to a veteran who is already employed in the Federal civil service. *Kerner*, 778 F.3d at 1338-39. Here, it is undisputed that the appellant is a current Federal employee with the agency. IAF, Tab 7 at 23, 33. Therefore, he is not entitled to recovery on his claim as a matter of law. *Oram v. Department of Homeland Security*, 2022 MSPB 30, ¶ 17; *see Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008) (holding that the Board has authority to decide a VEOA appeal on the merits, without holding a hearing, when one party is entitled to prevail as a matter of law). Accordingly, we affirm the administrative judge's denial of corrective action, as modified to reflect that the basis for doing so is the appellant's status as a Federal employee.

On review, the appellant again contends that the agency's use of direct-hire authority violated his veterans' preference rights. PFR File, Tab 1 at 4; IAF, Tab 1 at 5. The administrative judge did not address this claim. It is undisputed that the agency advertised the IT Specialist position under OPM's Direct Hiring Authority. IAF, Tab 7 at 26. When an agency exercises direct-hire authority pursuant to 5 U.S.C. § 3304(a)(3), it is exempted from the provisions of sections 3309 through 3318. These include the provisions regarding the rating and ranking advantages for certain veterans to which the appellant seems to be alluding. *See* 5 U.S.C. §§ 3309, 3313. Thus, the appellant's claim is not a basis for granting corrective action under VEOA. Furthermore, as the administrative judge observed, although the appellant argues that the vacancy should have remained open to give him an opportunity to apply, 5 U.S.C. §3304(f)(3) explicitly provides that "[t]his subsection shall not be construed to confer an entitlement to veterans' preference that is not otherwise required by law." ID

at 5. Thus, because the agency advertised the vacancy under direct-hire authority, the appellant is unable to establish a violation under VEOA on this basis.

Accordingly, we affirm the administrative judge's denial of the appellant's request for corrective action.

### NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.