# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANDREW J. STEWART,<br>            Appellant, | DOCKET NUMBER<br>DA-3330-21-0059-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>            Agency. | DATE: August 27, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jack Whitehead, Jr., Esquire, John-Ed L. Bishop, Esquire, and Joshua L. Davis, Esquire, Baton Rouge, Louisiana, for the appellant.

Kenneth Bork, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED as to the reason why the appellant is not entitled to corrective action on his claim of denial of a right to compete under 5 U.S.C. § 3304(f)(1), we AFFIRM the initial decision.

## BACKGROUND

The appellant, a preference-eligible veteran, is a GS-11 Engineering Technician at the agency's Federal Bureau of Prisons (BOP).  Initial Appeal File (IAF), Tab 1 at 1, 9, Tab 5 at 14-15, Tab 6 at 4, Tab 9 at 49.  In July 2020, the agency posted a vacancy announcement for a GS-12 Correctional Program Specialist (Emergency Preparedness Officer) position.  IAF, Tab 9 at 9.  It is undisputed that the vacancy announcement was open to current BOP employees and certain applicants outside of its own workforce, i.e., military spouses, and that the agency filled it using merit promotion procedures.  IAF, Tab 5 at 4-5, 16, Tab 9 at 4-5 & n.6, Tab 13 at 6.  The appellant applied for the position, but he received a notification stating that the agency determined he did not meet the qualifications for the position.  IAF, Tab 1 at 9, 13, Tab 5 at 18-19.  On October 1, 2020, he timely filed a VEOA complaint with the Department of Labor (DOL) regarding his nonselection.  IAF, Tab 5 at 7-10.

After receiving a close-out letter from DOL dated October 28, 2020, the appellant filed the instant appeal arguing that the agency's failure to forward his application to the selecting official violated his right to compete as a preference-eligible applicant under 5 U.S.C. § 3304(f)(1).[2]  IAF, Tab 1 at 1-2, 9, 13-14.

The administrative judge issued an initial decision denying the appellant's request for corrective action under VEOA, finding that he failed to establish by preponderant evidence that the agency denied him the opportunity to compete. IAF, Tab 17, Initial Decision (ID) at 1, 7-8.  Specifically, the administrative judge found that the appeal was within the Board's jurisdiction, the appellant was a preference-eligible veteran, and the agency's action occurred after December 10, 2004.  ID at 3.  She further found that the agency provided the appellant the right to compete because it evaluated his application on the same basis as those of the other applicants.  ID at 7.

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

To prevail on the merits of a VEOA appeal involving a veterans' preference claim,[3] an appellant must prove by preponderant evidence that he is a preference eligible or veteran who was separated from the armed forces under honorable conditions after 3 years or more of active service; that the actions at issue took place on or after the October 31, 1998 enactment date of VEOA for preference eligibles or the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004 for veterans covered by section 3304(f)(1); and that the

---

[2] The appellant expressly elected not to pursue a claim under 5 U.S.C. § 3330a(a)(1)(A) that the agency violated other statutory or regulatory rights he might have as a preference eligible.  IAF, Tab 3 at 2-4, Tab 5, Tab 10 at 2 n.3.

[3] The parties do not dispute, and we find no reason to disturb, the administrative judge's finding that the Board has jurisdiction over this appeal.  ID at 2-4.

agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce. *See Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 6 (setting forth an appellant's jurisdictional burden); *see also Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶¶ 10, 19 (2010) (reflecting that an appellant's burden to prove the merits of his VEOA claim is preponderant evidence). Here, the parties do not dispute, and we find no reason to disturb, the administrative judge's findings that the appellant is preference eligible and the nonselection took place after VEOA's enactment. ID at 3-4; IAF, Tab 1 at 9, Tab 5 at 8-9, Tab 6 at 4-5, Tab 9 at 9-13; *see* 5 U.S.C. § 2108(3) (defining "preference eligible" for purposes of Title 5). Therefore, the remaining issue is whether the agency's action violated his right to compete. *See Oram*, 2022 MSPB 30, ¶ 6.

We agree with the administrative judge's conclusion that the appellant was not entitled to any corrective action under VEOA, however, we modify the initial decision as to the legal basis for this determination.

Under 5 U.S.C. § 3304(f)(1), preference eligibles and certain veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." The administrative judge concluded that the agency did not violate the appellant's right to compete under 5 U.S.C. § 3304(f)(1) because "[t]he undisputed record shows the agency evaluated the appellant's application on the same basis as the other applicants' and, based on his score, did not refer the appellant for further consideration." ID at 7. On review, the appellant reiterates his argument that the right to compete affords preference eligibles "the [r]ight to be [c]onsidered [and] requires [p]reference-[e]ligibles to be submitted to the selecting official(s)." PFR File, Tab 1 at 5. We find this argument unavailing because, as explained below,

the right to compete does not extend to the appellant because he was already a Federal employee. We modify the initial decision accordingly.

In *Oram*, 2022 MSPB 30, ¶ 17, the Board found that, as a matter of law, current Federal employees are not entitled to corrective action based on a claim of denial of an opportunity to compete under 5 U.S.C. § 3304(f)(1). In reaching this decision, the Board relied on the U.S. Court of Appeals for the Federal Circuit's decision in *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015). In *Kerner*, after reviewing the text and legislative history of the VEOA and its precursor, the Veterans' Preference Act, the Federal Circuit reasoned that nothing in the statutory language, the legislative history, or case law supported a presumption that the "opportunity to compete" provision in 5 U.S.C. § 3304(f) applies in instances in which an applicant is already employed in the Federal civil service. *Kerner*, 778 F.3d at 1338. The Federal Circuit reasoned that the intent of the subject provision was to assist veterans in obtaining an initial appointment to the Federal service, not subsequent promotions or other intra-agency movement. *Id.* The court concluded that, because veterans currently employed in a competitive service position are already "eligible to apply" to merit promotion vacancies, such applicants could not have been the intended beneficiaries of section 3304(f). *Id.* at 1338-39. Here, because it is undisputed that the appellant was already a Federal employee, 5 U.S.C. § 3304(f) was inapplicable to him as a matter of law. *See Oram*, 2022 MSPB 30, ¶¶ 13, 17 (citing *Kerner*, 778 F.3d at 1338-39). Because the right to compete does not extend to the appellant's application for the Correctional Program Specialist position, it is unnecessary to address the parties' argument regarding what such a right entails. PFR File, Tab 1 at 5-10, Tab 3 at 7-11, Tab 4.

Accordingly, we affirm as modified the initial decision, still denying the appellant's request for corrective action under VEOA.

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.