NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARVIN L. STEWART,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2024-1666

---

Petition for review of the Merit Systems Protection Board in No. SF-3330-18-0074-I-1.

---

Decided: October 9, 2024

---

MARVIN L. STEWART, Long Beach, CA, pro se.

NELSON KUAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before LOURIE, BRYSON, and STARK, *Circuit Judges*.

PER CURIAM.

Petitioner Marvin L. Stewart appeals from a final decision of the Merit Systems Protection Board denying his appeal from the failure of the Department of Veterans Affairs ("DVA") to select him for any of the three positions within the agency for which he had applied.  We affirm.

I

Mr. Stewart, a preference-eligible veteran, was employed by the DVA as a GS-7 Accounting Technician.  In 2017, he applied for the positions of Patient Representative, Budget Analyst, and Program Analyst within the DVA, all at the GS-11 level.  Each position announcement required candidates to have served a minimum of 52 weeks in positions no more than two grades lower than the position to be filled, or to have one year of equivalent specialized experience.

Mr. Stewart was not selected for any of the three positions.  After Mr. Stewart submitted his applications, the DVA advised him that he was not qualified for the position of Patient Representative because he did not meet the specialized experience required at the GS-11 level.  Similarly, he was advised that he was not qualified for the Budget Analyst position at the GS-11 level because he lacked pertinent experience at the GS-9 grade level.  After posting the Program Analyst position and reviewing the applications, including Mr. Stewart's, the DVA determined that none of the candidates had the necessary experience for that position, so the agency closed the announcement without making a selection.

Mr. Stewart filed an appeal from the non-selection decisions with the Department of Labor, contending that his non-selection violated the Veterans Employment Opportunities Act of 1998 ("VEOA").  The Department of Labor denied his claim, after which he filed a petition for appeal to the Merit Systems Protection Board.

A Board administrative judge denied Mr. Stewart's petition for appeal, holding that the DVA had not violated Mr.

Stewart's rights under the VEOA when it failed to select him for any of the three positions. *Stewart v. Dep't of Veterans Affs.*, No. SF-3330-18-0074-I-1, 2018 WL 1243515 (Mar. 8, 2018), S. App. 9–28 ("*Initial Decision*"). In particular, the administrative judge ruled that Mr. Stewart failed to meet his burden of showing that the agency had violated his rights under a statute or regulation relating to veterans' preferences. *Id.*, S. App. 17–20. The administrative judge found that the agency had lawfully chosen to fill the positions through the merit promotion process[1] and that it was proper for the agency to determine that Mr. Stewart was not qualified for any of the positions for which he applied. *Id.*, S. App. 18–19. The administrative judge also ruled that the Department of Labor had properly determined that Mr. Stewart was subject to the time-in-grade requirements set by Office of Personnel Management regulations and that Mr. Stewart did not satisfy the applicable time-in-grade requirement for any of the three positions. *Id.*, S. App. 18–19. Finally, the administrative judge determined that the DVA had not overlooked or excluded any of Mr. Stewart's experiences or work history in assessing his qualifications. *Id.*, S. App. 19.

Mr. Stewart petitioned for review by the full Board, which denied the petition and affirmed the initial decision of the administrative judge. *Stewart v. Dep't of Veterans Affs.*, No. SF-3330-18-0074-I-1, 2024 WL 1366493

---

[1]    The Patient Representative and Budget Analyst positions were open to "[c]urrent or former competitive service employees," and to "current employees" of the DVA. S. App. 35, 43. The Program Analyst position was open to "[c]urrent or former competitive service employees" and "[v]eterans." S. App. 52. The administrative judge found that the agency used the merit promotion process to fill these positions because the positions were "limited [to] applicants with various eligibilities." *Initial Decision*, S. App. 18.

(M.S.P.B. Mar. 29, 2024), S. App. 1–2 ("*Final Decision*"). The administrative judge's decision thereby became the decision of the Board.

## II

"We must affirm a Merit Systems Protection Board decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." *Kerner v. Dep't of the Interior*, 778 F.3d 1336, 1337 (Fed. Cir. 2015); *see also* 5 U.S.C. § 7703(c). Mr. Stewart raises a variety of issues on which he contends that the Board erred in assessing his VEOA claim. Each argument fails.

"Federal agencies generally use two types of selection to fill vacancies: (1) the open 'competitive examination' process and (2) the 'merit promotion' process." *Joseph v. Fed. Trade Comm'n*, 505 F.3d 1380, 1381 (Fed. Cir. 2007); *see also* 5 C.F.R. §§ 332.101, 335.103. "The open competitive examination generally is used for employees seeking to join the competitive service and often is used for reviewing applicants outside the agency." *Joseph*, 505 F.3d at 1381. "The merit promotion process is used when the position is to be filled by an employee of the agency or by an applicant from outside the agency who has 'status' in the competitive service." *Id.* at 1382.

Under the competitive examination process, veterans are given special advantages, including the addition of points to their competitive scores and being ranked ahead of others with the same score. *See* 5 U.S.C. § 3309; 5 U.S.C. § 3313. Those point and ranking preferences, however, "do not apply in the merit promotion process." *Joseph*, 505 F.3d at 1382. The VEOA provides that veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C.

§ 3304(f)(1). This provision "guarantee[s] veterans only a right to apply and an opportunity to compete for such positions," and "[says] nothing about the basis upon which the agency could make its selection." *Joseph*, 505 F.3d at 1383. The VEOA "is intended to assist veterans in gaining access to federal civil service employment, not to give veterans preference in merit promotions." *Kerner*, 778 F.3d at 1338.

It is undisputed that the vacancies in this case were subject to the merit promotion process. The Board was therefore correct to hold that Mr. Stewart was entitled to compete for the positions for which he applied, but was not entitled to point and ranking preferences.

1. As noted, each of the positions for which Mr. Stewart applied was subject to a "time-in-grade" requirement, providing that the applicant must have completed a minimum of 52 weeks in positions no more than two grades lower than the applied-for position or requiring one year of equivalent specialized experience. S. App. 38, 45, 55. The positions for which Mr. Stewart applied were GS-11 grade positions, and Mr. Stewart was at the time employed in a GS-7 position with the agency. Mr. Stewart therefore did not satisfy the time-in-grade requirement.[2]

---

[2] The administrative judge cited 5 C.F.R. § 300.604(a) and held that Mr. Stewart was required to "have completed a minimum of 52 weeks in positions no more than one grade lower (or equivalent) than the position to be filled." *Initial Decision*, S. App. 19. The vacancy announcements in this case, however, required a minimum of 52 weeks in positions no more than two grades lower than the position to be filled. *See* S. App. 38, 45, 55. Nevertheless, as the Board explained, the administrative judge's error "did not adversely affect the appellant's substantive rights" since Mr. Stewart did not meet the time-in-grade requirement under either standard. *Final Decision*, S. App. 2 n.2.

In response, Mr. Stewart argues that the DVA should have used its special appointing authority under 38 U.S.C. § 4214 to override the time-in-grade requirement in his case. As the Board pointed out, however, the applicable regulations governing the use of the special appointing authority make it clear that the use of that authority is entirely discretionary with the agency. *See* 5 C.F.R. § 300.603(b) ("The following actions may be taken without regard to this subpart but must be consistent with all other applicable requirements, such as qualification standards[.]"). The DVA in this case did not elect to use that authority, and Mr. Stewart has made no showing that the DVA abused its discretion in declining to do so.[3]

2. Mr. Stewart argues in the alternative that the DVA improperly disregarded his legal training when it refused to appoint him to any of the positions for which he applied. Mr. Stewart notes that he holds a J.D. degree and a Bachelor of Science in Laws degree from Taft Law School, an online law school in Santa Ana, California. He argues that his legal training, and in particular the online courses in Alternative Dispute Resolution and Health Care Law he took from the Taft Law School, constituted "one year of equivalent specialized experience" that qualified him for the positions for which he applied. Specialized experience, however, had to be related to the responsibilities of the position—and to the extent that education could substitute for experience, the degree also had to be related. *See* S. App. 37–38, 45–46, 55–56. The administrative judge reasonably found that Mr. Stewart's legal training was not

---

[3]    Mr. Stewart offers evidence that the special appointing authority was used in the case of another DVA employee, Richard Mendoza. But the position to which Mr. Mendoza was appointed was not one of the positions at issue in this case, and the agency's decision to use the discretionary special appointing authority in one instance does not bind it to use that authority in any other situation.

in a field of study related to the work of the positions at issue.[4]

Mr. Stewart also contends that his service, on a voluntary basis, as a Patient Advocate Liaison Specialist beginning in November 2015 served as a source of experience relevant to the position of Patient Representative. It was not unreasonable for the agency to conclude that such voluntary service was not equivalent to the level of experience required to substitute for satisfying the time-in-grade requirement.

---

[4] In his initial petition for appeal to the Board, Mr. Stewart argued only that he had "two law degrees" that could substitute for specialized experience. *See* MSPB Record 12–13. The administrative judge thus referred generally to Mr. Stewart's "higher level graduate education" and found it unrelated to the work of the positions at issue. S. App. 18. In this court, Mr. Stewart argues that two courses he took in particular—Alternative Dispute Resolution and Health Care Law—support his assertion that he has specialized experience equivalent to a year in a position at least at the GS-9 level. Mr. Stewart also argues in his reply brief that the DVA "tampered with the Agency Files," because the transcript for his Bachelor of Science in Laws degree program that lists those two courses "was removed" from the administrative record. Petitioner's Reply Br. at 1. The MSPB record contains Mr. Stewart's transcript for his J.D. degree program. That transcript incorporates all the courses he took for his Bachelor of Science in Laws program, but with the exception of the courses in Alternative Dispute Resolution and Health Care Law. *Compare* MSPB Record 142 *with* Petitioner's Reply Br. App. 12. However, simply pointing to the titles of those two courses is plainly insufficient to show that taking those courses constitutes the "one year of equivalent specialized experience" required for the positions to which Mr. Stewart was applying.

It was therefore not an error for the Board to hold that the DVA did not violate Mr. Stewart's rights when it declined to appoint him to any of the three positions for which he applied in 2017.

3. In addition to his contentions on the merits, Mr. Stewart raises a procedural issue. He contends that the administrative record in this case did not include certain materials that he submitted to the DVA in connection with his employment applications. In particular, he complains that the cover letters he included with his applications, his resumes, and certain supporting documents were not included in the administrative record.

Copies of Mr. Stewart's resume and other documents that he has identified as submitted with his cover letters were in fact included in the administrative record. *See* MSPB Record 134–149, 192–199, 233–240. It is true that Mr. Stewart's cover letters for the three applications were not included in the administrative file. However, based on the representative copy of the cover letters that Mr. Stewart has provided in the appendix to his petition, the cover letters merely summarized information contained in the remaining application materials, which were made part of the administrative file. *See* Petitioner's App. 2-1 to 2-2. Therefore, even if the cover letters should have been included in the administrative record, their omission could not have had a material effect on the availability of relevant information for the administrative judge's consideration.

Beyond that, Mr. Stewart had the opportunity to determine whether the administrative record was complete and to supplement the record as needed while the case was pending before the administrative judge, when correction of any error would have been a simple matter. Yet he failed to raise the issue at any time before filing his opening brief

in this case.[5] His failure to address the record issue earlier in the proceedings effectively forfeited his right to object at this late stage of the proceedings.

Finally, Mr. Stewart has had multiple opportunities to brief the facts and law in this case and has taken advantage of those opportunities, including submitting two lengthy briefs to the administrative judge. He has pointed to nothing of material significance in any of the allegedly missing documents that was not covered in those briefs and thus was not before the administrative judge. Any error in the assembly of the administrative records in this case has therefore not been shown to have prejudiced Mr. Stewart.

We have carefully reviewed all of Mr. Stewart's other arguments, but conclude that they lack merit. The Board did not err in denying corrective action because the agency did not violate Mr. Stewart's rights under the VEOA.

**AFFIRMED**

COSTS

No costs.

---

[5] Mr. Stewart concedes in his reply brief that "[w]hile this matter was before the Administrative Judge, and the MSPB Board, [he] did not review the Agency File for its completeness, . . . [and] had assumed the Agency's File was accurate and complete." Petitioner's Reply Br. at 2. According to Mr. Stewart, he was "overwhelmed with this case, employment, and . . . his Post-Doctoral studies in a Master of Business" at the time. *Id.* Those assertions do not establish good cause for his failure to address record issues on a timely basis.