# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DARIN YOUNG,

      Appellant,

    v.

DEPARTMENT OF VETERANS
   AFFAIRS,

      Agency.

DOCKET NUMBER
CH-3330-24-0297-I-1

DATE: May 13, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Darin Young</u>, Fairborn, Ohio, pro se.

<u>Jodi Cozatt-May</u>, Detroit, Michigan, for the agency.

<u>Erin E. Milligan</u>, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action in his Veterans Employment Opportunities Act of 1998 (VEOA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the reason why the appellant is not entitled to corrective action on his claim of denial of a right to compete under 5 U.S.C. § 3304(*l*)(1), we AFFIRM the initial decision.

## BACKGROUND

On or about August 3, 2023, the agency posted a vacancy announcement (CBSR-12066216-23-TW) for the position of WS-02 Housekeeping Aid Supervisor at its Dayton Veterans Affairs Medical Center (VAMC). Initial Appeal File (IAF), Tab 6 at 147-56. The announcement specified that it was open to, among others, current or former competitive-service Federal employees, individuals with disabilities, veterans, and military spouses. *Id.* at 148-49. The appellant, a preference-eligible veteran and former employee at the Dayton VAMC, applied, but the agency did not select him for the position. IAF, Tab 5 at 10-12, Tab 6 at 23, 26, 128. Shortly thereafter, he filed a complaint with the Department of Labor (DOL), alleging that the agency violated his veterans' preference rights. IAF, Tab 1 at 7-11. By letter dated March 21, 2024, DOL informed him that it was closing its case because it determined that his

allegations were not substantiated. *Id.* at 12. Subsequently, the appellant filed the instant appeal and requested a hearing. IAF, Tab 1.

The administrative judge issued a jurisdictional order, informing the appellant of his burden for establishing jurisdiction over a VEOA appeal and ordering the parties to file evidence and argument on the issue. IAF, Tab 3. The appellant responded, arguing that the agency violated VEOA when it failed to afford him the veterans' preference rights to which he was entitled, including its failure to notify him of the proposed pass-over, the reasons for the pass-over, and his right to respond. IAF, Tab 5 at 4-5. The agency moved to dismiss the appeal for lack of jurisdiction, arguing that veterans' preference rights do not attach to selections made under the merit promotion process. IAF, Tab 6. After considering the parties' submissions, the administrative judge issued an initial decision denying corrective action on the merits without a hearing, reasoning that the appellant failed to establish by preponderant evidence that the agency denied him the opportunity to compete. IAF, Tab 16, Initial Decision (ID) at 1, 4-7; *see Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 9 (explaining that VEOA appellants do not have an unconditional right to a hearing before the Board when there is no genuine dispute of material fact and one party must prevail as a matter of law).

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

To prevail on the merits of a VEOA appeal involving a veterans' preference claim,[3] an appellant must prove by preponderant evidence that he is a

---

[2] The appellant's petition for review was filed untimely, approximately 28 minutes after the filing deadline. PFR File, Tab 1. We do not reach the issue of the timeliness of the appellant's petition for review, however, because the appellant's petition does not meet the Board's criteria for review.

[3] The parties do not dispute, and there is no reason to disturb, the administrative judge's finding that the Board has jurisdiction over this appeal. ID at 1-2; IAF, Tab 10 at 3-4.

preference eligible or veteran who was separated from the armed forces under honorable conditions after 3 years or more of active service and that the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce. *See Oram*, 2022 MSPB 30, ¶ 6 (setting forth an appellant's jurisdictional burden); *see also Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶¶ 10, 19 (2010) (reflecting that an appellant's burden to prove the merits of his VEOA claim is preponderant evidence). Here, the parties do not dispute, and we find no reason to disturb, the administrative judge's finding that the appellant is preference eligible. PFR File, Tabs 1, 4; IAF, Tab 1 at 1, Tab 6 at 128. Therefore, the remaining issue is whether the agency's action violated his right to compete. *See Oram*, 2022 MSPB 30, ¶ 6.

<u>We agree with the administrative judge's conclusion that the appellant was not entitled to corrective action under VEOA; however, we modify the initial decision to clarify the legal basis for this determination.</u>

Under 5 U.S.C. § 3304(*l*)(1), a preference eligible "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." The administrative judge concluded that the agency did not violate the appellant's right to compete under 5 U.S.C. § 3304(*l*)(1), reasoning that though the agency did not select the appellant, he applied for the Housekeeping Aid Supervisor position, interviewed for it, and appeared on a certificate of eligibles. ID at 5-7. He also found that the appellant failed to offer any evidence from which one might reasonably infer that he was denied the right to compete. ID at 7. On review, the appellant reiterates his arguments that the agency failed to provide him with the preference to which he was entitled and to follow the proper procedures when it did not select him for the position. PFR File, Tab 1 at 5-7; IAF, Tab 5 at 4-5. We find this argument unavailing because, as explained below, the right to compete does not extend to

the appellant because he was already a Federal employee.  We modify the initial decision accordingly.

In *Oram*, 2022 MSPB 30, ¶ 17, the Board found that, as a matter of law, current Federal employees are not entitled to corrective action based on a claim of denial of an opportunity to compete under 5 U.S.C. § 3304(*l*)(1).  In reaching this decision, the Board relied on the U.S. Court of Appeals for the Federal Circuit's decision in *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015).  In *Kerner*, after reviewing the text and legislative history of the VEOA and its precursor, the Veterans' Preference Act, the Federal Circuit reasoned that nothing in the statutory language, the legislative history, or case law supported a presumption that the "opportunity to compete" provision in 5 U.S.C. § 3304(f)[4] applies in instances in which an applicant is already employed in the Federal civil service.  *Kerner*, 778 F.3d at 1338.  The Federal Circuit reasoned that the intent of the subject provision was to assist veterans in obtaining an initial appointment to the Federal service, not subsequent promotions or other intra-agency movement.  *Id.*  The court concluded that, because veterans currently employed in a competitive service position are already "eligible to apply" to merit promotion vacancies, such applicants could not have been the intended beneficiaries of section 3304(*l*).  *Id.* at 1338-39.  Here, the appellant indicated on his initial appeal that he was a permanent Federal employee in the competitive service.  IAF, Tab 1 at 1, 4.  Therefore, 5 U.S.C. § 3304(*l*) was inapplicable to him as a matter of law.  *See Oram*, 2022 MSPB 30, ¶¶ 13, 17 (citing *Kerner*, 778 F.3d at 1338-39).  Because the right to compete does not extend to the appellant's application for the Housekeeping Aid Supervisor, it is unnecessary to address the parties' argument regarding what such a right entails.  PFR File, Tab 1 at 5-7, Tab 4.

---

[4] The current version of 5 U.S.C. § 3304 was enacted in 2024 and the relevant provision in subsection (f)(1) is now in subsection (*l*)(1).  *See Brimer v. Department of the Navy*, 161 F.4th 1370, 1371 n.1 (Fed. Cir. 2025).

The appellant also alleges, for the first time on review, that the agency violated his rights under 5 U.S.C. § 3310 when it considered and selected a nonpreference eligible for the position. PFR File, Tab 1 at 5. Section 3310 is a law related to veterans' preference which provides that "[i]n examinations for positions of guards, elevator operators, messengers, and custodians in the competitive service (other than for positions of housekeeping aides in the Department of Veterans Affairs), competition is restricted to preference eligibles as long as preference eligibles are available." The appellant's citation to this provision does not change the outcome on review, as veterans' preference rights do not attach to selections made under the merit promotion process. *See Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1381-82 (Fed. Cir. 2007).

Accordingly, we affirm as modified the initial decision, still denying the appellant's request for corrective action under VEOA.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.